E
Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **LLOYD W. ANDERSON II,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | **JURY TRIAL DEMANDED** |
| **SHELLPOINT MORTGAGE SE and EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| Defendants. | |

**COMPLAINT**

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. LLOYD W. ANDERSON II ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants SHELLPOINT MORTGAGE SE ("Shellpoint") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to

**COMPLAINT**

properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

9. Venue is proper in this Court because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada.

COMPLAINT

## PARTIES

10. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant Shellpoint is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

11. Defendant Shellpoint is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

12. Defendant Experian is a national credit reporting agency, doing business in Nevada, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

14. At all times relevant, Defendants conducted business in the State of Nevada.

15. On or about April 12, 2012, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 12-14330 (the "Bankruptcy").

16. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

17. On or about November 24, 2014, Plaintiff received a Bankruptcy discharge.

COMPLAINT

18. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

19. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

20. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

21. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

22. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

23. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on

**COMPLAINT**

Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Shellpoint Mortgage SE Misreported Credit Information

### Re: Account No. 51539*

25. In an Experian credit report dated March 26, 2015, Shellpoint reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: March 2014—August 2014 (120 Plus Late)

26. Shellpoint should not have reported derogatory information on Plaintiff's account after April 12, 2012, because Plaintiff filed for Bankruptcy on April 12, 2012.

27. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

28. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

29. On or about July 24, 2015, Plaintiff disputed Shellpoint's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by

**COMPLAINT**

notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Shellpoint.

30. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/12/2012 and discharged 11/24/2014, bearing docket No. 12-14330 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Mar2014 – Aug2014 (120 Plus Late).

31. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/12/2012, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

**COMPLAINT**

32. Upon information and belief, Experian timely notified Shellpoint of Plaintiff's dispute, but Shellpoint continued reporting derogatory information.

33. Shellpoint and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. On or about August 6, 2015, Plaintiff received notification from Experian that Shellpoint and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

35. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Shellpoint and Experian simply left derogatory information on Plaintiff's report and added more derogatory information. Specifically, Shellpoint and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: March 2014—January 2015 (180 Days Past Due)

- Account Balances for March 2014—January 2015 in the Account History section

36. Shellpoint and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

37. Shellpoint and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

38. Due to Shellpoint and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

39. Plaintiff's continued efforts to correct Shellpoint and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Shellpoint and Experian were fruitless.

40. Shellpoint and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

41. Shellpoint and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

42. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Shellpoint and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**COMPLAINT**

## **Experian Information Solutions, Inc. Misreported Credit Information**

## **Re: Bank of America Account No. 7163\***

43. On or about July 24, 2015, Plaintiff disputed an Experian credit report dated April 2, 2015 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, that Experian should not have reported derogatory information on Plaintiff's account after April 12, 2012, because Plaintiff filed for Bankruptcy on April 12, 2012.

44. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting inaccurate and incorrect derogatory information be removed, explaining that several of Plaintiff's accounts had been discharged in bankruptcy and that "there should be no derogatory reporting after the filing date."

45. Experian was required to conduct a reinvestigation into Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

46. On or about August 6, 2015, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

47. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Experian added derogatory information to Plaintiff's reinvestigation report. Specifically, Experian reported the following inaccurate, derogatory information on the Bank of America Account:

- Account Balances from December 2014 through January 2015 in the Account History section

48. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

49. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

50. Plaintiff's continued efforts to correct Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian were fruitless.

51. Experian's inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

52. Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

53. By inaccurately reporting account information relating to the Debt after notice of Plaintiff's bankruptcy, Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

//

//

//

COMPLAINT

## Experian Information Solutions, Inc. Misreported Credit Information

## Re: Equiant Financial Services Account No. 74110170*

54. On or about July 24, 2015, Plaintiff disputed an Experian credit report dated April 2, 2015 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, that Experian should not have reported derogatory information on Plaintiff's account after April 12, 2012, because Plaintiff filed for Bankruptcy on April 12, 2012.

55. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting inaccurate and incorrect derogatory information be removed, explaining that several of Plaintiff's accounts had been discharged in bankruptcy and that "there should be no derogatory reporting after the filing date."

56. Experian was required to conduct a reinvestigation into Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

57. On or about August 6, 2015, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

58. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Experian added derogatory information to Plaintiff's reinvestigation report. Specifically, Experian reported the following

COMPLAINT

inaccurate, derogatory information on the Equiant Financial Services Account:

- Post-bankruptcy information for the following dates: August 2012 (30 days past due); September 2012 (60 days past due); October 2012 (90 days past due); November 2012 (120 days past due); December 2012 (150 days past due) and January 2013 and February 2013 (180 days past due)

59. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

60. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

61. Plaintiff's continued efforts to correct Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian were fruitless.

62. Experian's inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

63. Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

**COMPLAINT**

64. By inaccurately reporting account information relating to the Debt after notice of Plaintiff's bankruptcy, Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Experian Information Solutions, Inc. Misreported Credit Information

### Re: SCE FCU Account No. 446181441020*

65. On or about July 24, 2015, Plaintiff disputed an Experian credit report dated April 2, 2015 pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, that Experian should not have reported derogatory information on Plaintiff's account after April 12, 2012, because Plaintiff filed for Bankruptcy on April 12, 2012.

66. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting inaccurate and incorrect derogatory information be removed, explaining that several of Plaintiff's accounts had been discharged in bankruptcy and that "there should be no derogatory reporting after the filing date."

67. Experian was required to conduct a reinvestigation into Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

68. On or about August 6, 2015, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6).

**COMPLAINT**

69. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Experian added derogatory information to Plaintiff's reinvestigation report. Specifically, Experian reported the following inaccurate, derogatory information on the SCE FCU Account:

   - Post-bankruptcy information for the following dates: August 2012 (CO—Charge Off)

70. Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

71. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

72. Plaintiff's continued efforts to correct Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Experian were fruitless.

73. Experian's inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

74. Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

**COMPLAINT**

75. By inaccurately reporting account information relating to the Debt after notice of Plaintiff's bankruptcy, Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

78. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

79. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

80. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 18, 15                    Respectfully submitted,

                                           BY: /S/ DANNY J. HOREN_____
                                           DANNY J. HOREN, ESQ.
                                           ATTORNEY FOR PLAINTIFF

COMPLAINT